UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

AGCS MARINE INSURANCE COMPANY,
a/s/o BUHLER QUALITY YARNS CORP.,

    Plaintiff,

v.

SEABOARD MARINE LTD., and AMAD
LOGISTICS LLC,

    Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiff, AGCS MARINE INSURANCE COMPANY a/s/o BUHLER QUALITY YARNS CORP. (hereafter "AGCS"), by and through its undersigned counsel, and sues the Defendants, SEABOARD MARINE LTD. (hereinafter "SEABOARD") and AMAD LOGISTICS LLC ("AMAD"), and as grounds therefor states as follows:

1. This is an action within the admiralty jurisdiction of this Court, as defined at FRCP 9(h) and 28 USC §1333, including transportation by ocean of cargo in foreign trade.

2. SEABOARD is a foreign corporation doing business in Miami-Dade County, Florida as an ocean common carrier by water for hire.

3. AMAD is a Florida limited liability company doing business in Miami-Dade County, Florida as a forwarding agent and logistics company.

4. AMAD contracted with Buhler to arrange transportation of a cargo of combed yarn to Guatemala, and to prepare, or cause to be prepared, all necessary documents of transportation.

5. On or about December 8, 2019, Seaboard received Container No. SMLU 5102635 at Jefferson, GA for carriage to the consignee, in Villa Nueva, Guatemala as shown in the bill of

lading attached hereto as Exhibit A.

6. The cargo was accepted in good order and condition, as evidenced by the issuance of the attached bill of lading.

7. The container and its cargo referenced in the bill of lading was not delivered, or lost, or misdelivered.

8. The cargo was valued at $134,979.13 and was insured by Plaintiff.

9. Pursuant to the terms of said insurance, payment was made by Plaintiff to Buhler Quality Yarns Corp. in the amount of $134,979.13 for which amount Plaintiff is subrogated to its insured.

## COUNT I – COGSA (SEABOARD)

10. Plaintiff realleges Paragraphs 1-9 as if fully set forth and further alleges as follows:

11. SEABOARD issued its bill of lading for carriage of the cargo from the United States in foreign trade, within the meaning of the Carriage of Goods By Sea Act, 46 USC App. §1300 *et seq.*

12. SEABOARD breached its duty as a COGSA carrier by failing to deliver the cargo in the same good order and condition as received.

13. As a result of SEABOARD's breach, Plaintiff has been damaged in the sum of $134,979.13, plus costs and interest.

WHEREFORE, the above premises considered, Plaintiff prays that this Court enter damages against SEABOARD, and in favor of Plaintiff, in the amount of $134,979.13, plus costs, interest and all other relief deemed just and equitable.

## COUNT II- NEGLIGENCE (SEABOARD)

14. Plaintiff realleges Paragraphs 1 - 9 as if fully set forth and further alleges as follows.

CASE NO.
Page 3

15. SEABOARD, while in possession of the cargo at issue, owed a duty of reasonable care to protect the aforesaid cargo from loss.

16. SEABOARD breached said duty by failing to exercise reasonable care to protect the aforesaid cargo from loss as a result of its negligent acts and/or omissions, including but not limited to:

    a. failure to deliver the cargo and/or misdelivery;

    b. by other acts and omissions.

17. SEABOARD's breach of duty was a proximate cause of damage to Plaintiff, causing damage to the Plaintiff in the amount of $134,979.13 plus costs and interest.

WHEREFORE, the above premises considered, Plaintiff prays that this Court enter damages against SEABOARD, and in favor of Plaintiff, in the amount of $134,979.13, plus costs, interest and all other relief deemed just and equitable.

## COUNT III – BAILMENT (SEABOARD)

18. Plaintiff realleges Paragraphs 1 - 9 as if fully set forth, and further alleges as follows:

19. SEABOARD was a bailee for hire of the cargo at issue.

20. As bailee, SEABOARD owed a duty to carry the cargo, and to return said cargo to the bailor in the same good order and condition as received.

21. SEABOARD breached its duty as bailee by failing to return said goods to the bailor in the same good order as received.

22. That as a result of the breach by SEABOARD, Plaintiff has been damaged in the amount of $134,979.13, for which amount they seek damages against SEABOARD in that amount, plus costs and interest.

CASE NO.
Page 4

WHEREFORE, the above premises considered, Plaintiff prays that this Court enter damages against SEABOARD, and in favor of Plaintiff, in the amount of $134,979.13, plus costs, interest and all other relief deemed just and equitable.

### COUNT VI – BREACH OF CONTRACT (SEABOARD)

23. Plaintiff realleges Paragraphs 1 - 9 as if fully set forth, and further alleges as follows:

24. SEABOARD contracted and agreed to carry cargo from the United States to Guatemala and there deliver it to the consignee.

25. SEABOARD breached its contract by losing and/or misdelivering the shipment, which led to the container being lost.

26. As a result of SEABOARD's breach of the contract, Plaintiff has been damaged in the amount of $134,979.13 plus costs and interest for the loss of the container and its cargo.

WHEREFORE, the above premises considered, Plaintiff prays that this Court enter damages against SEABOARD, and in favor of Plaintiff, in the amount of $134,979.13, plus costs, interest and all other relief deemed just and equitable.

### COUNT V – NEGLIGENCE (AMAD)

27. Plaintiff realleges Paragraphs 1 - 9 as if fully set forth, and further alleges as follows:

28. AMAD was hired as a forwarding and logistics company to arrange for shipment of the cargo from Buhler Quality Yarns Corp. to Startex, S.A.

29. In preparing or directing the preparation of the bill of lading in this matter, AMAD designated the consignee as Modas Choishin Sociedad Anonima rather than Startex, S.A.

30. AMAD failed to correct its error, and as a result the container was not delivered to Startex, S.A., and was in fact lost.

31. AMAD breached its duty of reasonable care in the preparation of forwarding documents, or in directing the preparation of those documents, and as a result of its failure to exercise reasonable care to do so caused damage to Plaintiff.

32. AMAD's breach of its duty was a proximate cause of damage to the Plaintiff in the amount of $134,979.13, plus costs and interest.

WHEREFORE, the above premises considered, Plaintiff prays that this Court enter damages against AMAD, and in favor of Plaintiff, in the amount of $134,979.13, plus costs, interest and all other relief deemed just and equitable.

## COUNT VI – BREACH OF CONTRACT (AMAD)

33. Plaintiff realleges Paragraphs 1 - 9 as if fully set forth, and further alleges as follows:

34. AMAD contracted and agreed to prepare, or arrange to be prepared, forwarding and logistics documents for the shipment of cargo from Buhler Quality Yarns Corp. to Startex, S.A. in Guatemala.

35. AMAD failed to designate Startex, S.A. as the consignee of the shipment but instead designated Modas Choishin Sociedad Anonima as the consignee.

36. AMAD breached its contract to provide forwarding services and documentation by misidentifying the consignee of the shipment, which led to the container being lost.

37. As a result of AMAD's breach of the contract, Plaintiff has been damaged in the amount of $134,979.13 plus costs and interest for the loss of the container and its cargo.

CASE NO.
Page 6

WHEREFORE, the above premises considered, Plaintiff prays that this Court enter damages against AMAD, and in favor of Plaintiff, in the amount of $134,979.13, plus costs, interest and all other relief deemed just and equitable.

Date: December 6, 2019

Respectfully submitted,

s/ *William R. Boeringer*
**Jonathan W. Skipp**
Florida Bar No. 710570
jskipp@admiral-law.com
**William R. Boeringer**
Florida Bar No. 347191
wboeringer@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Blvd.
Miami, FL   33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
***Attorneys for Plaintiff***